## HAUSSKNECHT v. SMITH.

(Supreme Court, Appellate Division, Second Department.   December 22, 1896.)

1. MORTGAGE—DEED ABSOLUTE IN FORM—CONFLICTING EVIDENCE.

A judgment that a deed absolute in form is a mortgage will not be reversed, where grantor's attorney in fact, who executed the deed, testified that it was agreed that the conveyance should be considered a mortgage, and the grantee and his attorney testified, in the beginning of the negotiations, it was understood that the grantor should have six months to repay the grantee the amount advanced by him, and to take a reconveyance, but later it was agreed that the deed should be absolute.

2. SAME—SALE BY MORTGAGE—RIGHTS OF MORTGAGOR.

Where a mortgagee under an apparently absolute deed sells the property in violation of the rights of the mortgagor, the latter is entitled to recover the value of the property so sold, less the amount of the mortgage, and evidence is admissible to show the price received by the mortgagee for the land.

Appeal from special term, Kings county.

Action by Elise Haussknecht against Howard M. Smith to have a deed determined a mortgage, and for the relief consequent on such determination. From a judgment in favor of plaintiff on a decision of the court, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Benjamin Estes, for appellant.

Josiah T. Marean and William J. Courtney, for respondent.

BRADLEY, J.   The plaintiff, by Cuno Haussknecht, her attorney in fact, on December 23, 1893, made and delivered to the defendant a deed of conveyance of certain premises on Bedford avenue in the city of Brooklyn, and by it transferred to him "all the carpets, oilcloths, furniture, fixtures, and articles of personal property of every name or nature in and about the said premises." The instrument, in terms, was a full-covenant warranty deed, subject to two mortgages, of $12,000 and $5,000. The plaintiff by this action sought the determination that the deed was in nature and purpose a mortgage, and the relief consequent upon such determination.

The view of the trial court to that effect, and the conclusion there reached, had the support of the evidence of such attorney in fact of the plaintiff, whose testimony was to the effect that he sought to obtain a loan of money of the defendant to pay taxes on the premises and interest on the mortgages, and that an arrangement was made that a deed be made to the defendant as security; that the latter advance the money, and pay the taxes and interest, and, when reimbursed the amount so paid by him, reconvey the property to the plaintiff; and that such repayment be made in monthly installments. This evidence on the part of the plaintiff is distinctly contradicted by that of the defendant and Mr. Barnard, his attorney, who testify that the defendant did not consent to take the deed otherwise than as an absolute conveyance of the property, and that such attorney in fact of the plaintiff was so advised before the deed was made.

There is not much evidence, outside of that, directly bearing upon the arrangement, in aid of either view of the fact.

It is conceded that, in the outset of the negotiation, it was understood that the plaintiff should have six months within which to pay the defendant the amount which he should advance for taxes and interest, and take a reconveyance of the property; but the evidence of the defendant and Barnard is that, when the defendant was advised that a deed so taken would be, in effect, a mortgage, he declined to take a deed under that arrangement, and Barnard, by his direction, so informed the plaintiff's attorney in fact, who consented to make an unconditional conveyance to the defendant, and thereafter did so. This phase of the transaction is denied by the evidence on the part of the plaintiff. It does appear that, after the conveyance was made, the plaintiff's attorney in fact endeavored to find a purchaser for the property, with the view, apparently, to a sale of it, and continued to do so until he learned that the defendant had sold and conveyed it, which was done about January 15, 1894. He thereupon complained to defendant about it, and insisted, in effect, that the defendant had no right, without his consent, to sell the property.

There is quite a wide difference in the evidence as to the value of the property. While it is estimated by some of the witnesses as no greater than the amount of the two mortgages, others put the value at a much higher figure. The trial court found the value as of the time in question to be $20,500. The presumption arising from the terms of the instrument of conveyance and transfer of the property, real and personal, was that title passed to the defendant subject to no defeasance; and the burden was with the plaintiff to make it clearly appear that it was otherwise, in that respect, than the import given by its terms. The trial court has given credit to the evidence on that subject presented by the plaintiff, and, having taken that view of the proof, the conclusion there reached was warranted and supported. The opportunity had upon the trial to determine the question of fact arising from the conflict of testimony is entitled to much consideration on review, and we see no occasion to overrule the finding of fact as to the agreement pursuant to which the instrument of conveyance and transfer of the property was made, and its quality of defeasibility.

A considerable portion of the consideration of the sale and conveyance of the Bedford avenue property by the defendant was the conveyance to him of other lands in the city of Brooklyn; and, when the plaintiff sought to prove the value of those lands, objection was taken by the defendant's counsel. There was no error in the reception of the evidence. As the defendant had disposed of the Bedford avenue property to a bona fide purchaser, the remedy of the plaintiff was to have the defendant account for it; and one way available to the plaintiff for the purpose was to charge him with what he had received for the property, and take the residue, after deducting from the proceeds the amount to secure which the deed as a mortgage was held. Meehan v. Forrester, 52 N. Y. 277.

The evidence offered to prove the percentage of value on which loans were made by savings banks was not competent on the question of value; and it may be that it was not offered for such purpose, but by way of cross-examination of the defendant, to prove his knowledge of the basis on which such mortgages were taken. The $12,000 mortgage was taken by a savings bank in 1890, and the witness added that then the value of property was a great deal more than it was in 1893. It seems to us that the defendant could not have been prejudiced by the reception of the evidence.

Some other exceptions were taken to the reception and exclusion of evidence, all of which have been considered; and, in the view taken, there was no error to the prejudice of the defendant in any of the rulings at the trial.

The judgment should be affirmed. All concur.